# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JA'DONAVAN O'BRYANT JOHNSON, | No. 4:16-CV-00099 |
| Petitioner, | (Judge Brann) |
| v. | (Chief Magistrate Judge Schwab) |
| WARDEN EBBERT, | |
| Respondent. | |

## ORDER

### FEBRUARY 8, 2018

Before the Court for disposition is a Report and Recommendation filed by Chief Magistrate Judge Susan E. Schwab on October 24, 2017.[1] In this Report, Chief Magistrate Judge Schwab recommended that (1) Ja'Donavan O'Bryant Johnson's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 be dismissed for lack of jurisdiction, and (2) the Clerk be directed to close this case.[2] No objections to this Report have since been filed.

Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations."[3] Once filed, this Report and Recommendation is

---

[1] ECF No. 8.

[2] *Id.*

[3] 28 U.S.C. § 636(b)(1)(B).

disseminated to the parties in the case who then have the opportunity to file written objections.[4]  Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[5]  Nevertheless, whether timely objections are made or not, the district court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[6]

Following independent review of the record, I am satisfied that the Report and Recommendation contains no legal error, and Petitioner's Section 2241 petition must be dismissed for lack of jurisdiction.  The Third Circuit recently explained that two conditions must be satisfied to permit access to 28 U.S.C. § 2241 under the savings clause of 28 U.S.C. § 2255(e):

> First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction

---

[4]  28 U.S.C. § 636(b)(1).

[5]  *Rieder v. Apfel,* 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

[6]  28 U.S.C. § 636(b)(1); Local Rule 72.31.

for a crime that an intervening change in substantive law may negate."[7]

Here, Petitioner does not argue that a change in statutory law has rendered him actually innocent of his crime of conviction, but rather that, because some of his prior convictions were classified as violent felonies under the residual clause of the ACCA, his underlying criminal sentence is unconstitutional and must be vacated. Such a challenge does not fall within the safety valve exception of *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997), and the instant petition must be dismissed.[8] However, like in the Report and Recommendation, I note that this dismissal does not preclude Petitioner's right to pursue this sentencing argument by requesting permission from the United States Court of Appeals for the Fourth Circuit to file a second or successive Section 2255 motion pursuant to 28 U.S.C. § 2244(b)(3).[9]

**AND NOW**, therefore, **IT IS HEREBY ORDERED** that:

1. Chief Magistrate Judge Susan E. Schwab's Report and Recommendation (ECF No. 8) is **ADOPTED IN ITS ENTIRETY**;

2. Ja'Donavan O'Bryant Johnson's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED** for lack of jurisdiction; and

---

[7] *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017).
[8] *See* Report and Recommendation (ECF No. 14) at 6-7 (collecting cases).
[9] *Id.* at 8.

3. The Clerk of Court is directed to close this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge